UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOANCHELLE TAYLOR-BARGEN,

    Plaintiff,

                              Case No. 09-12245
v.                               Hon. Lawrence P. Zatkoff

WERNER ENTERPRISES,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Detroit, State of Michigan, on July 13, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's complaint [dkt 1]. Plaintiff filed her complaint in letter format describing a series of unfortunate events that befell her in conjunction with her employment by Defendant as a semi-truck operator. Upon careful review of Plaintiff's complaint, however, the Court is unable to discern the source of its subject-matter jurisdiction or the nature of the relief Plaintiff seeks. For the following reasons, the Court dismisses Plaintiff's complaint with leave to amend.

**II. ANALYSIS**

A pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plaint statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Plaintiff's compliant fails to meet these requirements. As an initial matter, Plaintiff's complaint does not supply the Court with a source of federal jurisdiction. The gravamen of Plaintiff's complaint involves some type of discrimination, harassment, and/or retaliation by Defendant, but Plaintiff cites no law or statute, either federal or state, on which to base her allegations. *See Curto v. Bender*, No. 04-cv-24S, 2005 WL 724156, at *12 (W.D.N.Y. Mar. 28, 2005) ("A complaint that does not identify the basis upon which purported discrimination occurred does not give a defendant fair notice of what the claim is or on what grounds it rests, and therefore fails to meet even the minimal pleading requirements of Federal Rule of Civil Procedure 8(a).").

Additionally, Plaintiff's only "demand" for relief appears in the following statement:

> I look forward to working with or should I say finding a support system that can identify with the issues that are very important to me, and I ask that this be taken very seriously . . . . Look forward to hearing from someone soon with positive feedback in my favor for a change . . . .

Pl.'s Compl. at p.10. The Court cannot determine from this statement what relief it could afford Plaintiff even if she had properly established subject-matter jurisdiction and pleaded a viable discrimination claim.

Further, Fed. R. Civ. P. 10(b) states in pertinent part that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff's letter-format complaint does not allow Defendant to ascertain the number or nature of the allegations against it, and Plaintiff's lack of numbered paragraphs and organization would create great difficulties if Defendant were to attempt to draft a responsive pleading.

The Court recognizes that when a plaintiff proceeds *pro se*, as is the case here, the Court must construe that plaintiff's pleadings liberally and that such pleadings are held to a lesser standard than those drafted by a licensed attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Court, however, will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiff's complaint as filed does not provide "'a short and plain statement of the claim'" in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Put differently, Plaintiff's complaint has not "'nudged [her] claims' of invidious discrimination 'across the line from conceivable to plausible.'" *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 570). Therefore, the Court will dismiss Plaintiff's complaint with leave to amend. *See, e.g.*, *Schied v. Daughtrey*, No. 08-14944, 2008 WL 5422680, at *2 (E.D. Mich. Dec. 29, 2008) (dismissing complaint for failure to comply with Fed. R. Civ. P. 8).

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED. Plaintiff may file an amended complaint that establishes the Court's jurisdiction and complies with Fed. R. Civ. P. 8 and 10 within 30 days of the entry of this order.

IT IS SO ORDERED.

Date: July 13, 2009

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE